UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SYED FAISAL HOSSAIN,

    *Plaintiff*,

-against-

INFORMDATA LLC,

    *Defendant*.

---

Case No. 1:26-cv-00526

**COMPLAINT**

**JURY TRIAL DEMANDED**

### PRELIMINARY STATEMENT

1. This is a cause of action for damages brought by an individual consumer against Defendant, InformData LLC. (hereinafter "InformData"), a business entity for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff Syed Faisal Hossain is an adult individual residing in the state of New York.

5. Defendant InformData is a business entity that regularly conducts business in the Eastern District of New York, and which has a principal place of business located at 1701 Barrett Lakes Boulevard, Suite 380, Kennesaw, Georgia 30144.

### FACTUAL ALLEGATIONS

6. In March 2024, Plaintiff applied for employment with Doordash.

7. As part of his job application, Plaintiff signed a document purportedly authorizing Checkr to obtain a consumer report for employment purposes.

8. Checkr contracts with a third entity that, in turn, contracts with InformData to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9. The consumer report supplied by InformData contained information that was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Checkr.

10. Defendant InformData has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, a criminal offense record. These records appear on the consumer report InformData sold to the third-party entity that was then provided to Checkr.

12. Specifically, the inaccurate information includes multiple felony and misdemeanor convictions from 2019 that do not belong to the Plaintiff. Instead, the criminal history belongs to another individual who has a similar name to the Plaintiff.

13. Plaintiff has an extremely common name.

14. The criminal history belongs to a person with a different middle name, a different date of birth, and a different address than the Plaintiff. Further, Plaintiff has no criminal history of his own.

15. The subject's inaccurate information should not have been included in the InformData report.

16. The inaccurate information grossly disparages the Plaintiff and portrays him in a false and negative manner. There is perhaps no greater error that a consumer reporting agency can make.

17. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

18. A simple review of the relevant public records would have revealed that the inaccurate information should not have appeared on the report prepared and sold by InformData.

19. Plaintiff was subsequently denied employment at Checkr, and Plaintiff was informed by Checkr that the basis for this denial was the inclusion of the inaccurate information on the InformData report, and that the inaccurate information was a substantial factor for the denial.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants, and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## C<small>OUNT</small> O<small>NE</small> – V<small>IOLATIONS OF THE</small> FCRA
## P<small>LAINTIFF V</small>. I<small>NFORMDATA</small> LLC

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, InformData was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b).

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## J<small>URY</small> T<small>RIAL</small> D<small>EMAND</small>

29. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: */s/ Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

\**/s/ Geoffrey Baskerville*
**FRANCIS MAILMAN SOUMILAS, PC**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
215.735.8600
gbaskerville@consumerlawfirm.com

*Counsel for Plaintiff Syed Faisal Hossein*

*\*Application for Leave to Appear Pro hac vice forthcoming*